UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ANTHONY MURPHY #769317,

       Plaintiff,                              Hon. Robert J. Jonker

v.                                                  Case No. 1:21-cv-457

L. STERLE, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before me on Defendant Laura Sterle's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 18.) Defendant filed the motion on September 22, 2022. Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **granted,** that Plaintiff's claims against Defendant Sterle be **dismissed without prejudice**, and that this matter be **closed**.

      Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC), filed a complaint against several MDOC employees, including Defendant Sterle, on June 4, 2021, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred while Plaintiff was incarcerated at IBC. Following initial review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his: (1) First Amendment claim that Defendant Sterle retaliated against him for filing a Prison Rape Elimination Act (PREA) complaint against her on April 28, 2020, by having her co-workers issue him false misconduct tickets and shake down his cell, and

by asking other prisoners to assault Plaintiff; and (2) Eighth Amendment claim against Defendant Sterle for asking other prisoners to assault Plaintiff. (ECF No. 4 at PageID.27–28, 35.)

Defendant Sterle moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendants bear the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of her motion, Defendant Sterle attaches a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant period at IBC. (ECF No.

2

19-3.) Plaintiff filed two grievances at IBC during 2020. Those grievances were assigned identifiers IBC-20-10-2249-28C (the 2249 Grievance) and IBC-20-06-1186-28E (the 1186 Grievance). (*Id.* at PageID.102.) The 2249 Grievance, which was rejected at all three levels for containing multiple issues, concerned the denial of Plaintiff's request to be moved to 2-block; the lack of a transfer to another facility due to COVID protocols; and denial of various privileges. The 2249 Grievance did not pertain to Plaintiff's allegations against Defendant Sterle in this case. In the 1186 Grievance, Plaintiff complained that Defendant Sterle had persuaded other prisoners to assault him for filing the PREA complaint against her. (*Id.* at PageID.113.) The 1186 Grievance was rejected as untimely at all three levels. (*Id.* at PageID.102.)

Defendant Sterle has met her summary judgment burden of demonstrating that Plaintiff failed to properly exhaust his claims against her. First, neither grievance exhausted the claim that Defendant Sterle retaliated against Plaintiff for filing the PREA grievance by having her co-workers issue him false misconduct tickets and shake down his cell. Second, while the 1186 Grievance alleged that Defendant Sterle had other prisoners assault Plaintiff, it was rejected as untimely at all three levels of the grievance process. Because the 1186 Grievance was rejected as untimely, it was not properly exhausted, and Plaintiff's claims against Defendant Sterle are subject to dismissal without prejudice. *See Rodriguez v. Stevie*, No. 2:11-CV-515, 2013 WL 1194720, at *1 (W.D. Mich. Mar. 22, 2013) ("[A] prisoner cannot properly exhaust 'by filing an untimely or otherwise procedurally defective administrative grievance.'") (quoting *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009)); *Martin v. Bergh*, No. 2:06-cv-119, 2008 WL 4283517, at *1 (W.D. Mich. Sept. 12, 2008) (citing *Woodford*, 548 U.S. at 90–91) (same).

3

## CONCLUSION

For the foregoing reasons, I recommend that Defendant Sterle's motion for summary judgment (ECF No. 18) be **granted**, that Plaintiff's claims against Defendant Sterle be **dismissed without prejudice**, and that this matter be closed.

Dated: November 14, 2022                                                  /s/ Sally J. Berens
                                                                                              SALLY J. BERENS
                                                                                              U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).